UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bobby Knouse, | ) |
| | ) |
| Plaintiff, | )  Case No.: 2:14-cv-1344-GMN-VCF |
| vs. | ) |
| | )  **ORDER** |
| National General Insurance Company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is Defendant National General Insurance Company's Motion to Dismiss. (ECF No. 8).  Plaintiff Bobby Knouse filed a Response, (ECF No. 10), to which Defendant replied, (ECF No. 11).

This action centers upon Plaintiff Bobby Knouse's allegation that Defendant, his insurer, breached the underinsured motorist provisions of his policy by refusing to tender the limit of $100,000 following an auto accident that occurred on June 5, 2012. (Am. Compl. 2:16-3:4, ECF No. 1-2).  The Amended Complaint was filed in Clark County District Court on July 14, 2014. (*Id.* at 1).  On August 13, 2014, Defendant filed a Demand for Security of Costs pursuant to Nev. Rev. Stat. § 18.130.  On August 18, 2014, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 2:2-5, ECF No. 1).

In the instant Motion, Defendant argues that the Amended Complaint should be dismissed because Plaintiff did not post a security for costs as demanded in Defendant's August 13, 2014 filing.  However, after reviewing the record in this case, the Court declines to dismiss the Amended Complaint, and will grant Plaintiff an additional thirty days in which to post a $500 security for costs.

The Ninth Circuit recognizes that "federal district courts have inherent power to require

plaintiffs to post security for costs." *Simulnet E. Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).  When determining whether to require the posting of a security in a diversity action, a federal district court typically follows the forum state's practice, particularly when a party is a non-resident. *See, e.g.*, *id.*; *Pittman ex rel. L.P. v. Avish P'ship*, 525 F. App'x 591, 593 (9th Cir. 2013); 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed.).

Nev. Rev. Stat. § 18.130 provides that a defendant, upon the filing and service of a written demand, may require an out-of-state plaintiff to post a security of costs in an amount up to $500. Nev. Rev. Stat. § 18.130(1).  This Section also provides that the Court may dismiss an action if a plaintiff has failed to post a security of costs within thirty days from "the service of notice that security is required." Nev. Rev. Stat. § 18.130(4).  "It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions." *Simulnet E. Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

In this case, the Court declines to take the drastic action of dismissal in response to Plaintiff's failure to post a security for costs.  Though Plaintiff does not dispute that he is an out-of-state litigant and admits he did not post a security of costs as requested by Defendant, his response to the instant Motion makes clear that he did not believe that he was required post a security after the case was removed to this Court. (Pl.'s Resp 2:20-22, ECF No. 10) ("Defendant has filed its Motion for Dismissal using only state procedural law as its reasoning for the dismissal.  The reason for this is there is no Federal law requiring a posting of bond for an original proceeding.").  Therefore in light of the discretionary standard provided under Nev. Rev. Stat. § 18.130, and the Court's strong preference for resolving claims on their merits, the Court will deny the instant Motion to Dismiss.  However, Plaintiff shall be required to post a $500 security for costs within thirty days of the entry of this order.  Failure to do so may result in the dismissal of the Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall post a $500 Security for Costs with the Clerk of this Court by April 24, 2015.  Failure to do so may result in the dismissal of Plaintiff's Amended Complaint.

**DATED** this 23rd day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court